(C. D. 129)

I. L. Toledano Corporation *v.* United States

United States Customs Court, Third Division

(Decided March 15, 1939)

*John Hezekiah Levy* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Charles J. Miville*, special attorney), for the defendant.

EVANS, Judge: This is a suit against the United States in which the plaintiff seeks to recover certain sums of money claimed to have been illegally collected as customs duties upon importations of cocoanuts imported from Colombia, Panama, Santo Domingo, and Jamaica, B. W. I., into the United States at the port of New York. Six protests are involved and were submitted together. These cocoanuts were assessed with duty by the collector of customs at the port of New York at the rate of one-half of 1 cent each under the provisions of paragraph 758 of the Tariff Act of 1930. The plaintiff, the importer of the cocoanuts, claims that they are exempt from duty by virtue of section 350 of the Tariff Act of 1930 (48 Stat. 943) known as the Trade Agreement Act (as amended by the Joint Resolution approved March 1, 1937), and article I of the Cuban Trade Agreement of August 24, 1934, entered into pursuant to said Trade Agreement Act. In other words, plaintiff claims that under the terms of the Trade Agreement Act, *supra*, taken in connection with the language of article I of the Cuban Trade Agreement, *supra*, these cocoanuts are entitled to free entry because, as plaintiff claims, cocoanuts imported from Cuba into the United States would be free of duty.

Said Trade Agreement Act contains the following generalization clause:

\* \* \* The proclaimed duties and other import restrictions shall apply to articles the growth, produce, or manufacture of all foreign countries, whether imported directly, or indirectly \* \* \*.

This generalization clause is restricted by two exceptions, viz, that the duties proclaimed in any agreement entered into under authority thereof may be suspended in their application to articles the growth, produce, or manufacture of any country which discriminates against American commerce, and (b) that nothing in said section 350 (the Trade Agreement Act) shall be construed to preclude giving effect to an exclusive agreement with Cuba concluded under the section, or to prevent the application of the treaty of commercial reciprocity concluded between the United States and the Republic of Cuba on December 11, 1902.

We set forth subsection (b) as follows:

(b) Nothing in this section shall be construed to prevent the application, with respect to rates of duty established under this section pursuant to agreements with countries other than Cuba, of the provisions of the treaty of commercial reciprocity concluded between the United States and the Republic of Cuba on December 11, 1902, or to preclude giving effect to an *exclusive agreement* with Cuba concluded under this section, modifying the existing preferential customs treatment of any article the growth, produce, or manufacture of Cuba: *Provided*, That the duties payable on such an article shall in no case be increased or decreased by more than 50 per centum of the duties now payable thereon. [Italics supplied.]

The question as to whether the rates proclaimed in the Cuban Trade Agreement were exclusive to Cuba or were to be extended to other nondiscriminating countries has been before this court and the Court of Customs and Patent Appeals in the following cases: *F. H. Von Damm* v. *United States*, 25 C. C. P. A. 97, T. D. 49094; *C. W. Hunter* v. *United States*, Abstract 34770 (Appeal No. 4056 to C. C. P. A. dismissed); *E. & J. Burke, Ltd.* v. *United States*, T. D. 49359 (Appeal No. 4158, decided March 6, 1939); and *Kloeckner Steel Corporation* v. *United States*, C. D. 8.

In the *Von Damm* case, *supra*, both this court and the Court of Customs and Patent Appeals construed the Trade Agreement Act and the Cuban Trade Agreement and held that the President under authority of the Trade Agreement Act was authorized to make an exclusive agreement with Cuba and, having done so, the provisions of such agreement were not to be generalized to other nondiscriminating countries. The remaining cases cited above follow the holding in the *Von Damm* case.

Plaintiff seeks to distinguish the instant case from the *Von Damm* case, *supra*, and introduces a contention not there called to the attention of the court. That contention is that notwithstanding the express mandate of the Trade Agreement Act, the wording of article I of the Cuban Trade Agreement is such as to indicate that, as to the articles and merchandise therein provided for which are accorded free entry into the United States, the same treatment is to be accorded such articles and merchandise when imported from other nondiscriminating countries.

Said article I is as follows:

During the term of this Agreement, all articles the growth, produce, or manufacture of the United States of America which would have been admitted free of duty if imported into the Republic of Cuba on the day of signature of this Agreement, and all articles the growth, produce or manufacture of the Republic of Cuba which would have been admitted free of duty if imported into the United States of America on the day of signature of this Agreement, shall be so admitted by the respective country free of duty.

Plaintiff alleges this to be true because in articles II and III, which relate to reductions in duties on articles the growth, produce, or manufacture of the United States and Cuba, respectively, the language used is "exclusive and preferential reductions in duties." Therefore it contends that the omission from said article I of the words "exclusive and preferential" indicates an intention that the products described in said article are entitled to free entry when imported into the United States from other nondiscriminating countries. In our judgment the court has already answered the plaintiff's contention in the *Von Damm* case, *supra*, when it expressed its opinion as to the intention of Congress as contained in the Trade Agreement Act. At page 103 of said decision the court stated:

\* \* \* We are of the opinion that, in the absence of a new and exclusive agreement with Cuba, Congress intended that Cuba should continue to enjoy a 20 per centum reduction from the duties imposed by the Tariff Act of 1930, or provided for in any reciprocal tariff agreement made with countries other than Cuba, *but that Congress did not intend that any reciprocal tariff agreement should be made with Cuba, the provisions of which should automatically extend to other nondiscriminating countries* \* \* \*.

In view of this language it is idle to discuss the significance of the fact that certain paragraphs of the Cuban Trade Agreement used the expression "exclusive and preferential" reduction, while article I of said trade agreement makes no reference to those terms. The fact is that the whole of article I itself connotes exclusive and preferential treatment, because of its provision for continuous free admission of merchandise that otherwise would have been dutiable. The high contracting parties could not have stated more clearly their intention to preserve the preferential treatment of articles that were admitted free under the terms of the reciprocity agreement of 1902. The article preserves the free status established by the reciprocity agreement of many articles that had subsequently been placed on the dutiable lists, among others being cocoanuts. It is our opinion that the use of such term as "exclusive and preferential" in said article I was unnecessary in order to preserve preferential treatment, and the failure to include such language therein is not indicative of an intention to omit any items that might have been free under the terms of the reciprocity agreement of 1902 from the exclusive and preferential provisions of the Cuban Trade Agreement. In other words, that there was no intention upon the part of the high contracting parties to submit such articles to the generalization provision of the Trade Agreement Act. It is our opinion that the Cuban Trade Agreement is an exclusive agreement between said country and the United States, the terms of which are applicable only to trade between said countries.

For the reasons set forth above we hold that plaintiff's claims should be and the same hereby are overruled. Judgment for defendant. It is so ordered.